UNITED STATES of AMERICA
U.S. DISTRICT COURT -- EASTERN DISTRICT OF MICHIGAN

OPHELIA CUNNINGHAM and
UNIQUE STITCHES AND DESIGN, LLC,

      Plaintiffs,                                DEMAND FOR JURY TRIAL

-vs-                                            Case No.
                                                  Hon.

PREMIUM HOMES REALTY LLC, and
KOSAI SHAMOON,

      Defendants.

## COMPLAINT & JURY DEMAND

### Introduction

1. Plaintiff brings this action for money damages and rescission under the Truth in Lending Act and state law due to Defendants' predatory lending practices and violations of federal and state law.

2. TILA is a federal law intended to assure a meaningful disclosure of credit terms so that the consumer will be able to compare the various credit terms available and avoid the uninformed use of credit. 15 U.S.C. § 1601; see also *Carmichael v. The Payment Center, Inc.*, 336 F.3d 636, 639 (7th 2003).

3. TILA rescission claims have been available to consumers for decades, but became prevalent in the wake of the real estate market collapse. At that time, borrowers facing default began filing an unprecedented number of claims in effort to delay foreclosure and leverage loan

modification negotiations. A common claim pursued is that the lender must rescind the loan under TILA due to the bank's failure to properly disclose the material terms of the loan.

4. Notably, TILA is not a law that provides borrowers the opportunity to undo legitimate transactions that have been accurately disclosed years after the fact when the borrower is unable to make loan payments per their agreement. Accordingly, while TILA contemplates that a borrower may rescind a transaction pursuant to the "buyer's remorse" provision set forth in § 1635, the right to rescind lasts only three days after closing. See 15 U.S.C. § 1635(a). Creditors are required to inform borrowers that the right to rescind exists. If a creditor fails to give the required rescission notice, the three-day rescission deadline is not triggered and a borrower may instead have three years to rescind the loan. 15 U.S.C. § 1635(f); 12 C.F.R. § 226.23(a)(3).

## Jurisdiction

5. This court has jurisdiction over Truth in Lending Act (TILA) claims under 15 U.S.C. § 1640(e) and 28 U.S.C. § 1331.

6. This court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims.

## Parties

7. The Plaintiffs to this lawsuit reside in Wayne, Michigan in Wayne County.

8. PREMIUM HOMES REALTY LLC, ("PHRLLC") is a corporation doing business in Michigan in Livingston County.

9. Defendant PHRLLC is the originating lender of the promissory note and mortgage at issue in this matter and is engaged in the business of regularly extending or offering to extend

consumer credit for which a finance charge is imposed or which, by written agreement, is payable in more than four installments.

10. KOSAI SHAMOON, ("SHAMOON") is an individual residing in Michigan in Livingston County.

11. SHAMOON is an individual who is jointly and severally liable for the acts and omissions of Defendant PHRLLC.

## Venue

12. The transactions and occurrences which give rise to this action occurred in Oakland County, Michigan.

13. Venue is proper in the Eastern District of Michigan.

## General Allegations

14. Plaintiff Cunningham owned the home located at 4161 S. Wayne, Wayne, Michigan.

15. On or about November 1, 2015, Plaintiff Cunningham owned the home located at 4161 S. Wayne, Wayne, Michigan.

16. In November of 2015, Plaintiff Cunningham sought to borrow money in exchange for a security interest in the home.

17. Plaintiff Cunningham was contacted by Defendants regarding a loan in exchange for a security interest in the property located at 4161 S. Wayne, Wayne, Michigan.

18. The Defendants explained verbally to Plaintiff Cunningham that they would loan her $30,000.00 and that she would have to pay a total of $32,000.00 over five years at $612.00 per month.

19. Based upon the representations of Defendants and its agents, Plaintiff Cunningham decided to refinance on the terms that they promised.

20. The new mortgage loan closed on or about November 20, 2015.

21. Prior to consummating the promissory note and mortgage, the Defendants failed to provide Plaintiff Cunningham with any TILA disclosures.

22. On or about November 20, 2015, Plaintiff Cunningham entered into a mortgage and promissory note with the Defendant PHRLLC.

23. Plaintiff was not given a copy of the Truth in Lending Act's required "Notice of Right to Cancel," indicating that she had three days to cancel the transaction.

24. Plaintiff Cunningham did not receive any TILA compliant closing documents prior to close and at the closing she was rushed through signing the documents and did not have time to adequately review each document.

25. Plaintiff Cunningham did not have any reason to suspect that the documents which she would sign at closing would differ in any way from the previous verbal promise she had been provided by Defendants.

26. The mortgage loan that Plaintiffs ended up with is utterly incomprehensible and does not explain what the terms of the loan are and how much it will cost the Plaintiff to pay back; further, it is unclear from the loan documents exactly who the borrower is – some of the loan documents appear to state that UNIQUE STITCHES AND DESIGN, LLC is somehow bound to the loan agreement.

27. Plaintiff Cunningham did not know until a day or so later that she had been cheated.

28. Of the $30,000.00 principal amount loaned, Defendants agreed to forward $10,052.87 to the Wayne County Treasurer; Defendants did not forward those funds.

29. Of the $30,000.00 principal amount loaned, Defendants purportedly paid attorneys fees in the amount of $550.00; upon information and belief, this amount is fraudulent and was never disbursed.

30. Of the $30,000.00 principal amount loaned, $16,790.78 was provided to the Plaintiff Cunningham.

31. On November 23, 2015, Plaintiff Cunningham returned the check for $16,790.78 to the Defendants and indicated in writing that she was rescinding the loan.

32. Defendants received the check for check for $16,790.78 and actual notice that the loan was rescinded.

33. On December 7, 2015, Plaintiff Cunningham again rescinded the loan in writing and sent the rescission notice via certified mail.

34. Defendants refused to accept the second rescission notice.

35. In spite of the rescission of the loan, the Defendants have failed to respond and continue to threaten to enforce the mortgage and loan.

36. Defendants have failed to respond to the rescission letter.

## COUNT I – Truth in Lending Act (Failure to Provide Disclosures)

37. Plaintiffs incorporate the previous paragraphs by reference.

38. Plaintiff Cunningham is a consumer within the meaning of the TILA. 15 U.S.C. § 1602(h).

39. Defendant PHRLLC is a creditor within the meaning of the TILA in that it regularly extends or offers to extend consumer credit. 15 U.S.C. § 1602(f).

40. The transaction between Plaintiff Cunningham and Defendant PHRLLC is subject to a finance charge or is payable by a written agreement in more than four installment payments. 15 U.S.C. § 1602(f).

41. The credit extended to Plaintiff Cunningham by Defendant PHRLLC is for personal, family, or household purposes. 15 U.S.C. § 1602(h).

42. Defendant PHRLLC failed to deliver all material disclosures required by the Truth in Lending Act and Regulation Z, including but not limited to a correctly completed Notice of Right to Cancel as required under 15 U.S.C. § 1635(a) and Regulation Z § 226.23(b).

43. The credit transaction was secured by real estate, where Plaintiff resides, and is a dwelling within the meaning of 15 U.S.C. § 1640(a)(2)(A)(iii).

44. As a result of these violations of the TILA, Defendant PHRLLC is liable to Plaintiff for actual damages pursuant to 15 U.S.C. § 1640(a)(1), statutory damages in the amount of $2,000.00 in accordance with 15 U.S.C. § 1640(a) (2), and costs in accordance with 15 U.S.C. § 1640.

WHEREFORE, Plaintiff requests the following relief:

a. Actual damages in an amount to be determined by the court;

b. An order of the Court that the subject loan is null and void and that the Plaintiffs are not obligated under the terms of the loan to the Defendants.

c. Statutory damages in the amount of $2,000.00; and

d. Costs and attorneys fees.

### COUNT II – Truth in Lending Act (Failure to Honor Rescission Notice)

45. Plaintiffs incorporate the previous paragraphs by reference.

46. This consumer credit transaction was subject to Plaintiff's right of rescission. 15 U.S.C. § 1635 and Regulation Z § 226.23.

47. Defendant PHRLLC failed to deliver all material disclosures required by the Truth in Lending Act and Regulation Z, including but not limited to any Notice of Right to Cancel as required under 15 U.S.C. § 1635(a) and Regulation Z § 226.23(b).

48. Plaintiff has a continuing right to rescind the transaction until the third business day after receiving all material disclosures, up to three years after consummation of the transaction, pursuant to 15 U.S.C. § 1635(a) and Regulation Z § 226.23(a)(3).

49. On December 23, 2015, Plaintiff rescinded the transaction by sending notice of rescission to Defendant and returning the money disbursed to her by PHRLLC.

50. More than 20 calendar days have passed since Defendants received Plaintiff's first notice of rescission.

51. On December 7, 2015, Plaintiff rescinded the transaction a second time by sending notice of rescission to Defendants via certified mail.

52. Defendant PHRLLC has failed to take any action necessary or appropriate to reflect the termination of any security interest created by the transaction, as required by 15 U.S.C. 1635(b) and Regulation Z § 226.23(d) (2).

53. Defendant PHRLLC has failed to comply with 15 U.S.C. § 1635(b) and Regulation Z § 226.23(d)(2).

54. As a result of these violations of the Truth in Lending Act and Regulation Z, Defendant PHRLLC is liable to Plaintiff for:

    a. Rescission of the transaction pursuant to 15 U.S.C. § 1635(b).

 b. Termination of any security interest in Plaintiff's property created by the transaction pursuant to 15 U.S.C. § 1635.

 c. Return of any money or property given by the Plaintiffs to anyone, including Defendants, in connection with this transaction, under 15 U.S.C. § 1635(b).

 d. Statutory damages of $2,000.00 for Defendant's failure to respond properly to Plaintiff's rescission notice pursuant to 15 U.S.C. § 1640(a)(2)(A).

 e. Forfeiture of return of loan proceeds under 15 U.S.C. §1635.

 f. Actual damages in an amount to be determined pursuant to 15 U.S.C. § 1640.

 g. Costs in accordance with 15 U.S.C. § 1640.

### COUNT III – Michigan Mortgage Brokers, Lenders and Servicers Act

55. Plaintiffs incorporate the previous paragraphs by reference.

56. Upon information and belief, Defendants SHAMOON and PHRLLC are licensed or registered, or should be licensed or registered, under the Michigan Mortgage Brokers, Lenders, and Servicers Licensing Act, M.C.L. §445.1651 *et. seq.*

57. The transaction at issue in this matter is a mortgage loan within the meaning of the Act, M.C.L. 445.1651a(n).

58. Defendants violated the Act, M.C.L. § 445.1672 and M.C.L. § 445.1673, by the following actions, including but not limited to:

 a. Failing to conduct their business in accordance with the Act and other laws;

 b. Engaging in fraud, deceit, and/or material misrepresentations in connection with this transaction;

 c. Intentionally, or due to gross or wanton negligence, repeatedly fail to provide

   borrower's with material disclosures or information required by law;

 d. Charging Plaintiff fees beyond those that were reasonable, necessary, actually incurred by Defendants in connection with this transaction; and

 e. Inducing the plaintiff to enter into a transaction or series of transactions which provided little or no benefit to the plaintiff but were arranged for the primary and/or sole purpose of generating excessive fees for the defendants.

59. As a result of Defendants' violations of this Act, Plaintiff is entitled to statutory damages of $250.00 per violation or actual damages, whichever is greater, and costs under M.C.L. § 445.1681(c).

WHEREFORE, Plaintiff requests the following relief:

 a. Monetary damages for statutory or actual damages, in an amount to be determined by the court; and

 b. Attorneys fees and Costs.

## COUNT IV – FRAUD

60. Plaintiffs incorporate the previous paragraphs by reference.

61. Defendants misrepresented material information regarding the mortgage transaction, including but not limited to promising Plaintiff mortgage terms that they had no intention of providing.

62. Defendants knew that the representations were false, or acted with reckless disregard to the truth.

63. Defendants made these material misrepresentations to Plaintiff with the intent that Plaintiff rely upon them. Plaintiff acted in reliance upon the material misrepresentations.

64. As a direct and proximate result of the material misrepresentations, Plaintiffs suffered damages including but not limited to increased finance charges, excessive loan expenses and interest rates, loss of other credit opportunities, and other costs.

65. As a direct and proximate result of the material misrepresentations, Plaintiffs suffered damages including but not limited to increased finance charges, excessive loan expenses and interest rates, loss of other credit opportunities, and other costs.

WHEREFORE, Plaintiffs request judgment against Defendants damages in an amount to be determined by the court.

### COUNT V – INNOCENT MISREPRESENTATION

66. Plaintiffs incorporate the previous paragraphs by reference.

67. Defendants made a representation of one or more material facts, including but not limited to the specific terms of the mortgage transaction.

68. The representations were false when they were made.

69. Defendants knew the representations were false when they made it or made the representations recklessly without knowing whether the representations were true.

70. The Defendants made the representations with the intent that Plaintiff rely on them and so that Defendants would profit from the transaction.

71. Plaintiff did rely on the representations.

72. Plaintiff was damaged as a result of her reasonable reliance on the representations including but not limited to increased finance charges, excessive loan expenses and interest rates, loss of other credit opportunities, and other costs.

WHEREFORE Plaintiffs request judgment against Defendants in an amount to be determined by the court.

## DEMAND FOR JURY TRIAL

73. Plaintiffs demand trial by jury in this action.

        Respectfully Submitted,

        ADAM G. TAUB & ASSOCIATES
        CONSUMER LAW GROUP, PLC

By:    s/ Adam G. Taub
        Adam G. Taub (P48703)
        Attorney for Plaintiffs
        17200 West 10 Mile Rd. Suite 200
        Southfield, MI 48075
        Phone:  (248) 746-3790
        Email:  adamgtaub@clgplc.net

Dated:  April 4, 2016